# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**CHARLES H. MOORE, JR.,**

    **Plaintiff,**

    v.                                                                    **CASE NO. 20-3057-SAC**

**SAM A. CROW, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff Charles H. Moore, Jr., is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.

## I. Nature of the Matter before the Court

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. Plaintiff is detained at the Johnson County Adult Detention Center in Olathe, Kansas ("JCADC").

Plaintiff alleges that he received "falsified court documents that are not personally signed." (Doc. 1, at 1.) Plaintiff alleges that a typed signature is not valid. Plaintiff also alleges that he was "kidnapped" by the Sheriff with "falsified and counterfeit documents." *Id*. at 2. Plaintiff alleges that his previous case pending before this Court—No. 19-cv-3226-SAC—was ignored.

Plaintiff has submitted a "Criminal Complaint" regarding his previous cases—Case No. 19-cv-3226-SAC and Case No. 20-cv-3021-SAC—due to the alleged fraudulent documents he received from the Court. Plaintiff again alleges that the documents are fraudulent and

1

counterfeit because they do not contain a "sworn and certified signature." (Doc. 1–1, at 1.) Plaintiff alleges that this lack of valid signatures makes the U. S. District Court guilty of theft and extortion, because Plaintiff paid a partial filing fee "and didn't receive anything for it." *Id*.

Plaintiff argues that 42 U.S.C. § 1983 is a "complete fraud" because of all the rules and guidelines required. Plaintiff also alleges that the JCADC is pretending to be a prison, has been on lockdown, has a 62-page unconstitutional guidebook that they refuse to provide to inmates, and forces inmates to shower in front of a camera. Plaintiff alleges that "waiver of service" is a complete fraud because there is no such thing. *Id*. at 6. Plaintiff alleges that he has been kidnapped because all of the documents in his criminal case are fraudulent and counterfeit because they contain a typed signature instead of a handwritten signature. *Id*. at 8. Plaintiff then takes issue with the State of Kansas being the plaintiff in his criminal case because it is not an actual person. *Id*. at 9.

Plaintiff names the undersigned, the Johnson County Sheriff, and this Court's Deputy Clerk as defendants. Plaintiff seeks "freedom from this unlawful captivity"; criminal charges against "all persons involved"; and $50,000,000.00 for pain and suffering. *Id*. at 6.

Plaintiff filed a "2nd Complaint to add to Case No. 20-3057-SAC" (Doc. 4), again arguing that § 1983 is a complete fraud and questioning how the undersigned can preside over this case while being a named defendant.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be

granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d

1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. DISCUSSION

### 1. Lack of Handwritten Signatures

Plaintiff argues that the signatures on court documents are invalid because they are not handwritten. This argument is completely frivolous. The Court's Local Rules provide that:

> **(a) Entry in the Civil Docket.** All orders, decrees, judgments, and proceedings of the court will be filed in accordance with these rules, which will constitute entry in the civil docket under Fed. R. Civ. P. 58 and 79. The court or court personnel will file all such documents electronically.
> **(b) Electronic Signature.** Any such document filed electronically without the original signature of a judge, magistrate judge, or clerk has the same force and effect as if the judge, magistrate judge, or

> clerk, respectively, had signed a paper copy of the order and it had been entered on the docket in a conventional manner.
> **(c) "Text-only" Orders.** Orders may also be issued as "text-only" entries on the docket without an attached document. Such orders are official and binding.

D. Kan. Rule 5.4.4 (a)–(c). Plaintiff's argument is frivolous, without merit, and subject to dismissal.

**2. Heck Bar and Habeas Nature of Claim**

To the extent Plaintiff seeks release from custody, his federal claim must be presented in habeas corpus. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies). "Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see Woodford v. Ngo*, 548 U.S. 81, 92 (2006); *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982). Therefore, any claim challenging his state sentence is not cognizable in a § 1983 action. Plaintiff should show cause why his Complaint should not be dismissed as not properly brought in a § 1983 action.

Likewise, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck*, 512 U.S. 477. If Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 487. In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order. *Id*. at 486–87. Plaintiff has not alleged that any conviction or sentence has been invalidated.

**3. Younger Abstention**

The Court may be prohibited from hearing Plaintiff's claims under *Younger v. Harris*, 401 U.S. 37, 45 (1971). "The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "Once these three conditions are met, Younger abstention is non-discretionary and, absent extraordinary

circumstances, a district court is required to abstain." *Buck*, 244 F. App'x at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

Plaintiff appears to be held as a pretrial detainee. Therefore, it appears that the first and second conditions for *Younger* abstention would be met because Kansas undoubtedly has an important interest in enforcing its criminal laws through criminal proceedings in the state's courts. *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (citing *Younger*, 401 U.S. at 44). Likewise, the third condition would be met because Kansas courts provide Plaintiff with an adequate forum to litigate his constitutional claims by way of pretrial proceedings, trial, and direct appeal after conviction and sentence, as well as post-conviction remedies. *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of . . . jurisdiction if the issues raised . . . may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *see Robb v. Connolly*, 111 U.S. 624, 637 (1984) (state courts have obligation 'to guard, enforce, and protect every right granted or secured by the constitution of the United States . . . .'"); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant state proceeding, in all but unusual cases, would provide federal plaintiff with necessary vehicle for vindicating constitutional rights).

**4. Second Complaint**

Plaintiff has filed a "2nd Complaint to add to Case No. 20-3057-SAC" (Doc. 4). The Court will grant the motion to the extent that the Court will allow Doc. 4 to be considered a supplement to Plaintiff's Complaint.

Plaintiff argues again that § 1983 is a complete fraud and questions how the undersigned can preside over this case while being a named defendant. Under 28 U.S.C. § 455(b)(5)(i) a

7

judge shall disqualify himself if he "[i]s a party to the proceeding." 28 U.S.C. § 455(b)(5)(i). This provision mandates recusal when a judge "is a named defendant in the action before [him]." *Akers v. Weinshienk*, 350 F. App'x 292, 293 (10th Cir. 2009) (unpublished). "A judge is not disqualified merely because a litigant sues or threatens to sue him." *Id*. (quoting *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977), *cert. denied* 435 U.S. 954 (1978)); *see also Anderson v. Roszkowski*, 681 F. Supp. 1284, 1289 (N.D. Ill. 1988), *aff'd* 894 F.2d 1338 (7th Cir. 1990) (table) (stating that Section 455(b)(5)(i) has not been construed by courts as requiring automatic disqualification, and to guard against judge-shopping "courts have refused to disqualify themselves under Section 455(b)(5)(i) unless there is a legitimate basis for suing the judge") (citations omitted); *United States v. Pryor,* 960 F.2d 1, 3 (1st Cir.1992) (stating that "[i]t cannot be that an automatic recusal can be obtained by the simple act of suing the judge") (citations omitted); *United States v. Studley,* 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or threatened suit against him") (citations omitted); *In re Murphy,* 598 F. Supp. 2d 121, 124 (D. Me. 2009).

**IV. Response Required**

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Failure to respond by the deadline may result in dismissal of this action without additional notice.

**IT IS THEREFORE ORDERED THAT** Plaintiff is granted until **April 30, 2020,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff's motion to supplement (Doc. 4) is **granted** to the extent that the document will be considered a supplement to Plaintiff's Complaint.

**IT IS SO ORDERED**.

**Dated March 31, 2020, in Topeka, Kansas.**

        **s/ Sam A. Crow**
        **Sam A. Crow**
        **U.S. Senior District Judge**