IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHARLES H. MOORE, JR.,

      **Plaintiff,**

      v.                               CASE NO.  20-3057-SAC

SAM A. CROW, et al.,

      **Defendants.**


## MEMORANDUM AND ORDER

Plaintiff filed this *pro se* civil rights case under 42 U.S.C. § 1983.  The Court granted Plaintiff leave to proceed *in forma pauperis*.  Plaintiff is detained at the Johnson County Adult Detention Center in Olathe, Kansas ("JCADC").  On March 31, 2020, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 7) ("MOSC"), granting Plaintiff until April 30, 2020, to show good cause why his Complaint should not be dismissed due to the deficiencies set forth in the MOSC.  This matter is before the Court on Plaintiff's Response (Doc. 8).  Plaintiff has also filed a Motion for Court Order (Doc. 9) and a "Supplement Complaint" (Doc. 10).

In his Response, Plaintiff argues that the Court's MOSC is "retarded and simple-minded written," and "complete gibberish and nonsense with the intent to defraud [Plaintiff] and deprive [him] of [his] right."  (Doc. 8, at 1.)   Most of Plaintiff's response is a word-for-word critique of the Court's screening standards, complete with definitions for all the words used and his opinion that certain words used are not actually words and that other words are used incorrectly.

Plaintiff continues to argue that 42 U.S.C. § 1983 is a "complete fraud to steal unlearned and unknowing inmates' money."  *Id*.  Plaintiff argues that the MOSC cites to "fraudulent and

1

made up cases." *Id*. at 2.  Plaintiff argues that he is being denied a pen and access to the law library.  Plaintiff then continues with his arguments from his Complaint, namely that the documents in his police reports and court documents are all "counterfeit" because they do not contain a handwritten signature.  Plaintiff claims that the Court's use of the *Younger* abstention doctrine is "nonsense" because he is bringing state claims, not federal.  *Id*. at 5.  Plaintiff then makes arguments regarding his pending state criminal case.

Plaintiff's main argument is that court documents are invalid without a handwritten signature and § 1983 is a scam.  He supports his argument by stating that a check cannot be cashed without a handwritten signature, online apps require you to use your finger to sign, companies exist for the purpose of providing online signatures, and he was required to sign his § 1983 complaint.  *Id*. at 10–11.

The Court's MOSC cited to this Court's Local Rules, showing that documents filed electronically without the original signature of a judge, magistrate judge, or clerk has the same force and effect as if the judge, magistrate judge, or clerk, respectively, had signed a paper copy of the order and it had been entered on the docket in a conventional manner.  *See* D. Kan. Rule 5.4.4 (a)–(c).  The MOSC provides that "Plaintiff's argument is frivolous, without merit, and subject to dismissal."  Nothing in Plaintiff' response has shown otherwise.  Plaintiff's arguments that § 1983 is fraudulent is likewise without merit.  Plaintiff has failed to address the deficiencies set forth in the MOSC and has failed show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC.  This matter is dismissed for failure to state a claim.

Plaintiff filed a "Supplement Complaint" (Doc. 10) on April 29, 2020.  Plaintiff alleges that on April 15, 2020, while he was in his cell reading his Bible, he was rudely and "for no

reason" interrupted by numerous deputies outside his door.  Plaintiff alleges that they were assaulting and threatening him in regards to restraining him and forcing him to take a shower in front of the camera which he has "protested and refused to do for the past 5 months."  (Doc. 10, at 2.)  Plaintiff was then escorted to the shower in restraints, where his clothes were cut off and he was told to take a shower or else they would wash him.  Plaintiff alleges that at that point he agreed to shower himself.  Plaintiff alleges that because they stood outside the shower "talking, laughing and watching [him]" he felt like he was "raped and violated."  *Id.* at 3.  Plaintiff alleges that he was then placed in a freezing cold cell where he was forced to sleep on a Styrofoam tray until they brought him a mattress and blanket, and he did not have his personal property for two days.  Plaintiff alleges that this was all done in retaliation for him filing complaints and he has been placed in the SHU for no reason.

Plaintiff's supplement refers to an incident occurring two months after he filed his complaint in this case and is not a proper amended complaint.  Plaintiff's allegations also fail to state a valid claim against a named defendant.  Plaintiff alleges that he was taken in restraints and forced to shower after refusing to do so for five months, and there was a delay in receiving a mattress and blanket.  "Restraints that are reasonably related to the institution's interest in maintaining jail security do not, without more, constitute unconstitutional punishment, even if they are discomforting and are restrictions that the detainee would not have experienced had he been released while awaiting trial."  *Bell v. Wolfish*, 441 U.S. 520, 540 (1979).  "[I]n addition to ensuring the detainees' presence at trial, the effective management of the detention facility once the individual is confined is a valid objective that may justify imposition of conditions and restrictions of pretrial detention and dispel any inference that such restrictions are intended as punishment."  *Id*.  The Supreme Court has warned that these decisions "are peculiarly within the

province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." *Id*. at n.23 (citations omitted). Plaintiff's request to supplement his complaint is denied.

Plaintiff's Motion for Court Order (Doc. 9) seeks an order requiring the JCADC, the Johnson County Sheriff's Office and the Johnson County Courthouse, to provide Plaintiff with copies of all documents and transcripts form his state court cases and copies of all audio, video and bodycam surveillance pertaining to those cases and his detainment. Plaintiff also seeks copies of his inquiries, grievances, citations, reports, and classification documents concerning his detention at the JCADC. Because Plaintiff's Complaint is being dismissed at the screening stage, any request for discovery is denied.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion for Court Order (Doc. 9) and motion to supplement his Complaint (Doc. 10) are **denied.**

**IT IS FURTHER ORDERED** that this matter is dismissed for failure to state a claim.

**IT IS SO ORDERED**.

**Dated May 13, 2020, in Topeka, Kansas.**


**s/ Sam A. Crow**
**Sam A. Crow**
**U.S. Senior District Judge**